UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-CR-20859-HUCK/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KANIYN PARKER,

    Defendant.
_____/

## **REPORT AND RECOMMENDATIONS**

Defendant, Kaniyn Parker, was sentenced by this Court to 262 months of imprisonment, followed by five years of supervised release, after pleading guilty to conspiring to import five or more kilograms of cocaine into the United States. Defendant is currently serving that term of imprisonment and is scheduled to be released on June 4, 2022. Defendant, proceeding *pro se*, filed a motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which the Honorable Paul C. Huck referred to me for a report and recommendation. (ECF Nos. 161, 163). Defendant asserts that "extraordinary and compelling reasons" support his release because he suffers from asthma, which places him at heightened risk of severe illness from COVID-19. The government filed a response and Defendant a reply. (ECF Nos. 164, 166). Having carefully considered the Motion, Response and applicable law, I recommend that the Court deny the Motion.

## I.     BACKGROUND

On February 20, 2004, Defendant pled guilty to conspiring to import five or more kilograms of cocaine into the United States. The Court sentenced Defendant at the low end of the guideline range, finding that such a sentence will provide sufficient punishment and deterrence. He has now served nearly 90% of that sentence, which includes good conduct time he has earned.

In his Motion for Compassionate Release, Defendant argues that he is at heighted risk of becoming seriously ill from COVID-19 because he suffers from asthma. (ECF No. 161). Defendant's medical records reflect that he has been consistently diagnosed, as recently as March 2020, with "mild intermittent asthma." (ECF NO. 161-1). There are no restrictions on his activities of daily living, and his current activity level is normal. (ECF No. 161-1 at 1, 3). The Government opposes Defendant's motion, arguing that (i) he has not exhausted administrative remedies, (ii) his medical condition is not an extraordinary and compelling reason because mild intermittent asthma is not one of the conditions identified by the Centers for Disease Control and Prevention as increasing a person's risk of severe illness from COVID-19 and (iii) the sentencing factors under U.S.S.G. § 3553(a) do not support compassionate release because Defendant has 13 criminal history points.[1] (ECF No. 164 at 10-18).

---

[1] The Government also argues that Defendant has not shown that he would be safer from COVID-19 under his proposed release plan, than he is in prison. (ECF No. 164 at 16-17). I need not examine Defendant's release plan. But I recognize that Defendant has an elevated risk of contracting COVID-19 while he lives in the close quarters of confinement, as compared to his living in his aunt's and uncle's single-family home, if he were released. (ECF No. 166 at 9-10).

## II.   ANALYSIS

Defendant relies upon the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c)(1)(A)(i), to ask the Court to modify his sentence of imprisonment to time served. "Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)). However, 18 U.S.C. § 3582(c) authorizes courts to reduce a term of imprisonment on a motion from a defendant

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier... after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define extraordinary and compelling reasons, other than to state that rehabilitation of the defendant alone is not an extraordinary and compelling reason. 28 U.S.C. § 994(t). It did instruct the Sentencing Commission to promulgate "criteria to be applied and a list of specific examples" of extraordinary and compelling reasons. *Id.*

The relevant Sentencing Guidelines policy statement ("Policy Statement") reiterates some of these statutory provisions, and adds a condition that a Court may reduce a sentence only where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). In addition, in its Application Note 1, the

3

Sentencing Commission defines four categories of extraordinary and compelling circumstances. (*Id.*)

The statute and the Policy Statement, read together, provide that a court can grant relief under Section 3582(c)(1)(A) if it: (1) finds the defendant exhausted his administrative remedies, (2) concludes that extraordinary and compelling reasons warrant release, (3) determines that the defendant is not a danger to the community, and (4) finds that the relevant § 3553(a) factors support a reduction of sentence. The defendant bears the burden of establishing that compassionate release is warranted. *United States v. Jordan*, 15-cr-60044-BB, 2020 WL 4736236, at *2 (S.D. Fla. Aug. 14, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)). In the end, whether the Court grants compassionate release is within its discretion, as section 3582(c)(1)(A) uses the word may, not must. *United States v. Israel*, No. 05 CR 103 (CM), 2019 WL 6702522, at *11 (S.D.N.Y. Dec. 9, 2019).

    A.    <u>Defendant Failed to Exhaust Administrative Remedies</u>

The Bureau of Prisons ("BOP") established an Administrative Remedy Program through which any inmate may seek review of a grievance related to any aspect of his imprisonment. 28 C.F.R. § 542.10 *et seq.* The Eleventh Circuit Court of Appeals summarized that program as follows:

> The Administrative Remedy Program requires a prisoner to first file a grievance (a BP-9) with the warden of the prison within 20 calendar days from the date on which the basis of the incident occurred. If the inmate is dissatisfied with the warden's response, he may then appeal (a BP-10) to the Regional Director within 20 calendar days from the date of that response. Finally, if the inmate is dissatisfied with the Regional

4

> Director's response, he may appeal (a BP-11) to the General Counsel within 30 days of that response.

*Forde v. Miami Federal Department of Corrections*, 730 Fed. App'x 794, 798 (11th Cir. 2018) (quotation marks omitted) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). An appeal to the BOP's Office of General Counsel is the last step in the BOP's administrative remedy process. 28 C.F.R. 542.15(a).

Defendant submitted a Request for Reduction in Sentence to the Warden of his facility, which the Warden received on April 30, 2020. (ECF No. 164-1 at 1). The Warden timely denied Defendant's request on May 27, 2020, within the 30-day deadline required by § 3582(c)(1)(A)(i). (*Id*.). The Warden advised Defendant that "[i]f you are not satisfied with this decision, you may appeal through the Administrative Remedy Process." (*Id*.). There is no contention – or evidence in the record – that Defendant appealed the Warden's denial to the Regional Director or General Counsel in accordance with the BOP's Administrative Remedy Program. Given that Defendant has failed to complete all of the steps required by the Administrative Remedy Program, he has not exhausted administrative remedies. *See e.g., United States v. Maldonado*, Case No. 6:07-cr-107-Orl-28GJLK, 2020 WL 4287356 at *1 (M.D. Fla. July 27, 2020); *United States v. Bevans-Silva*, No. CR 4166-352, 2020 WL 2475079, at *1 (S.D. Ga. May 13, 2020) (denying motion for compassionate release because defendant "has not *fully* exhausted his administrative remedies because he has neither shown that the Regional Director denied his appeal nor that thirty days have passed without a response to his appeal.") (emphasis in original); *United States v. Eyerman*,

No. 2:17-cr-134-FtM-29MRM, 2020 WL 2466189, at *3 (M.D. Fla. May 13, 2020) ("While defendant requested compassionate leave from the Warden and received a denial of that request, there is no allegation or showing that defendant appealed the Warden's decision, and therefore no final administrative decision has been rendered. 28 C.F.R. § 571.63(b), (d). Thus, defendant has not exhausted his administrative remedies, and the Court declines to consider the merits of his motion [for compassionate release]."); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at *3 (S.D. Fla. May 20, 2020).

Defendant asks the Court to waive or excuse his failure to exhaust administrative remedies. (ECF No. 161 at 9). I do not believe the Court has the authority to do this. The Eleventh Circuit Court of Appeals recently indicated that a court cannot excuse the failure to exhaust administrative remedies where exhaustion is statutorily required, even in light of the COVID-19 pandemic. In *Swain v. Junior*, the Eleventh Circuit reversed imposition of a preliminary injunction which mandated that Miami-Dade County and the Director of the Miami-Dade Corrections and Rehabilitations Department take certain safety measures to prevent the spread of COVID-19. *Swain*, 958 F.3d 1081, 1085 (11th Cir. 2020). *Swain* involved a claim brought under the Prison Litigation Reform Act ("PLRA") which, like the First Step Act, requires exhaustion of administrative remedies. The PLRA's exhaustion provision states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Eleventh Circuit concluded that the district court erred when it did not address the PLRA exhaustion requirement, stating that "[s]o long as

6

those [administrative] remedies are 'available' to the prisoner, a court may not excuse a failure to exhaust, even to take special circumstances into account." *Swain*, 958 F.3d at 1092 (quotation marks and citation omitted).

The reasoning in *Swain* is consistent with decisions of the Supreme Court and the Eleventh Circuit which, in the context of statutes other than the First Step Act, recognized the distinction between judge-made and statutory exhaustion requirements. The Supreme Court has found that "[w]here Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (*superseded in part by statute on other grounds*, Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e)). The Eleventh Circuit stated that "[a]lthough judicially developed exhaustion requirements might be waived for discretionary reasons by courts, statutorily created exhaustion requirements bind the parties and the courts." *Richardson v. Reno,* 162 F.3d 1338, 1374 (11th Cir.1998), *judgment vacated on other grounds,* 526 U.S. 1142 (1999).

Regarding the First Step Act, courts around the country are divided about whether they can excuse its exhaustion requirement. Two Circuit Courts of Appeals have concluded that the COVID-19 pandemic does not justify excusal of the exhaustion requirement in § 3582(c)(1)(A).

The Third Circuit, in *United States v. Raia,* considered an inmate's compassionate release motion that alleged that he "faces heightened risk of serious illness or death from the virus since he is sixty-eight years old and suffers from Parkinson's Disease, diabetes, and heart issues." *Raia*, 954 F.3d 594, 596 (3d Cir. 2020). The inmate filed his motion without giving the Bureau of Prisons thirty days to consider his request that it file a motion

7

on his behalf for compassionate release, as required by § 3582(c)(1)(A). *Id*. at 597. The Third Circuit denied the motion outright for failure to exhaust administrative remedies with this explanation:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. *See generally* Federal Bureau of Prisons, *COVID-19 Action Plan* (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

*Id.* The Court concluded that "[g]iven BOP's shared desire for a safe and healthy prison environment…*strict compliance* with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Id*. (emphasis added).

The Sixth Circuit reached the same conclusion when it held that an inmate's failure to exhaust administrative remedies required dismissal of his compassionate release claim without prejudice, because the requirement is "mandatory…[and] we must enforce it." *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).

A number of district courts within and outside this Circuit have similarly declined to find that § 3582(c)(1)(A)'s exhaustion requirement can be waived during the COVID-19 pandemic. *See e.g., United States v. Christian*, No. 9:16-CR-80107, 2020 WL 2513101, at *3 (S.D. Fla. May 15, 2020); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at *3 (S.D. Fla. May 20, 2020); *United States v. Wojt*, No. 8:18-cr-00417-T-02AEP, 2020 WL 3128867, at *1 (M.D. Fla. June 12, 2020) (recognizing that courts in the Middle District of Florida have "consistently held" that the administrative exhaustion

requirement in § 3582(c)(1)(A) may not be waived despite the "unique circumstances of COVID-19"); *United States v. Fuller*, No. CR17-0324JLR, 2020 WL 1847751, at * 2 (W.D. Wash. April 13, 2020) (collecting cases); *United States v. Gillis*, No. 14-cr-00712, 2020 WL 1846792, at *2 (C.D. Cal. April 9, 2020) (collecting cases cases); *United States v. Holden*, No. 3:13-cr-00444, 2020 WL 1673440, at *7-9 (D. Or. April 6, 2020) (collecting cases). These courts focus upon the fact that § 3582(c)(1)(A) is a "statutory exhaustion provision" rather than a "judge-made exhaustion doctrine," and thus, "the FSA [First Step Act] does not provide this Court with the authority to excuse Defendant's failure to exhaust his administrative remedies or to waive the 30-day waiting period." *Holden*, 2020 WL 1673440 at *7 (citations omitted); *see also Christian*, 2020 WL 2513101 at *1-2.

By contrast, some district courts, most notably in the Second Circuit, have held that a prisoner's "exhaustion of the administrative process [in § 3582(c)(1)(A)] can be waived in light of the extraordinary threat posed – in [the prisoner's] unique circumstances – by the COVID-19 pandemic." *United States v. Zuckerman*, No. 16 Cr. 194 AT), 2020 WL 1659880, at *2 (S.D.N.Y. April 3, 2020); *see also e.g., United States* v. *Colvin*, No. 3:19cr179, 2020 WL 1613943, at *2 (D. Conn. April 2, 2020) (collecting cases). At least two divisions of this Court have similarly held. *See United States v. Feucht*, No. 11-60025-CR-MIDDLEBROOKS, 2020 WL 2781600, at *2-3 (S.D. Fla. May 28, 2020) (finding that "given this unprecedented virus, it would unduly prejudice the Defendant to require him to exhaust administrative remedies."); *U.S. v. Nieves Suarez*, Case No. 18-20175-CR-

9

COOKE, ECF No. 180.[2] Those courts rely upon a Second Circuit decision, *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019), which recognized exceptions to the exhaustion of administrative remedies where the claim was brought under the Controlled Substances Act which, unlike the First Step Act, does not itself mandate exhaustion of administrative remedies. *Washington,* 925 F.3d at 115-16, 119 ("The exhaustion requirement under the CSA is . . . not mandated by the statute. Rather, it is a judicially-created administrative rule, applied by courts in their discretion.").

My careful review of this precedent leads me to conclude that this Court lacks the authority to excuse Defendant's noncompliance with the administrative exhaustion provision of § 3582(c)(1)(A), because Congress mandated exhaustion, without exception.

I reach this conclusion fully aware of the gravity of the COVID-19 pandemic, and the particular vulnerability of inmates in confinement to possible serious illness. I believe "[t]he Court's hands are bound by the statute" and that only Congress can decide to relieve inmates of the exhaustion requirement. *United States v. Carver*, No. 4:19-cr-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. April 1, 2020). This reasoning leads me to recommend that the Court deny Defendant's Motion, because he failed to exhaust administrative remedies.

---

[2] The Court reached this conclusion, relying upon *United States v. Haney*, 19-CR-541 (JSR), 2020 WL 1821988 (S.D.N.Y. April 13, 2020), which in turn relied, in part, on *Washington v. Barr*.

Although this is a full reason to deny the Motion, I nonetheless consider the merits of Defendant's claim that he suffers from an extraordinary and compelling reason that warrants his compassionate release.[3]

    B.  <u>Defendant Has Not Demonstrated an Extraordinary and Compelling Reason</u>

Application Note 1 to the Policy Statement defines four circumstances that amount to extraordinary and compelling reasons for a modification of sentence. Defendant contends that he meets the criteria set out in the first, titled "Medical Condition of the Defendant". This definition which is satisfied when "(i) [t]he defendant is suffering from a terminal illness…" or "(ii) [t]he defendant is suffering from a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 Application Note 1(A). Fortunately, Defendant is not suffering from a terminal illness. Thus, Defendant must demonstrate that he suffers from "a serious physical or medical condition" that "substantially diminishes [his] ability … to provide self-care within the environment of a correctional facility and from which he… is not expected to recover." U.S.S.G. § 1B1.13 Application Note 1(A).

Defendant argues that his asthma combined with the risk of COVID-19 satisfies this standard. Defendant asserts that he has moderate to severe asthma, but his medical records

---

[3] Given my conclusion about this, and the exhaustion of administrative remedies, I do not consider the remaining two steps of the compassionate release analysis, that is, whether (1) Defendant would present a danger if released, and (2) the relevant § 3553(a) factors support a reduction of Defendant's sentence.

do not support this characterization. To the contrary, since 2008, Defendant's BOP medical records consistently reflect that he has "mild intermittent" asthma. (ECF No 161-1). His most recent medical record, dated March 17, 2020, likewise states that Defendant has "mild intermittent" asthma with "no new issues." (ECF no. 161-1 at 1, 3). It identifies his "current activity level" as "normal" with "no restrictions of ADL's [activities of daily living]." (*Id*. at 1).

In Reply, Defendant asserts that he "uses his inhaler daily, to manage shortness of breath and tightness in his chest even when not exercising." (ECF No. 166 at 4). Again, there is no medical evidence to support Defendant's assertion. Defendant is prescribed an inhaler, but the instructions specifically state to use "as needed" and "[d]on't use daily." (ECF No. 161-1 at 3, 5, 9). There is no evidence in the record that Defendant's condition has worsened in the last few months, or that the prescriber instructions have changed.

The absence of evidence that Defendant suffers from a serious medical condition that "substantially diminishes" his ability "to provide self-care" leads me to conclude that Defendant fails to establish that he has a qualifying medical condition within the meaning of Application Note 1(A). *See e.g., United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Without his medical provider corroborating either of these requirements [that the defendant has a serious medical condition, and that it substantially diminishes his ability to provide self-care, defendant] has not shown a foundation for compassionate release based on his medical condition.").

The fact of the COVID-19 pandemic does not change my conclusion. The Centers for Disease Control and Prevention has identified "moderate to severe" asthma as a

condition which might increase a person's risk for severe illness from COVID-19. *See* Centers for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, updated July 17, 2020 at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (accessed August 27, 2020). There is no medical evidence, however, that Defendant's asthma is moderate or severe. The CDC has not found that mild intermittent asthma is a risk factor for severe illness from COVD-19, and there is no evidence that Defendant's asthma places him at greater risk of severe illness if he contracts COVID-19.

For these reasons, I conclude that Defendant has not established that an extraordinary and compelling reason, as set forth in 28 U.S.C. §3582(c)(1)(A)(i), warrants his release.

**C.    RECOMMENDATION**

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendant's Motion for Compassionate Release, (ECF No. 161).

**D.    OBJECTIONS**

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Paul C. Huck. Judge Huck is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 27th day of August 2020, at Miami, Florida.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Paul C. Huck
　　Counsel of Record
　　Kaniyn Parker, *pro se*